```
                                        CLERK'S OFFICE U.S. DIST COURT
                                              AT ROANOKE, VA
                                                    FILED
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA      MAR 31 2006
                    ROANOKE DIVISION
                                                JOHN F CORCORAN, CLERK
                                                BY
                                                      DEPUTY CLERK
```

WALTER STAMPER, )
    Petitioner, ) Civil Action No. 7:06CV00170
)
v. ) MEMORANDUM OPINION
)
ATTORNEY GENERAL OF VIRGINIA, ) By: Hon. Glen E. Conrad
VIRGINIA, et al., ) United States District Judge
    Respondents. )

Walter Stamper, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Stamper challenges the validity of his convictions in the Circuit Court for the County of Grayson. For the following reasons, Stamper's petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

In November of 1997, Stamper pled guilty to charges of robbery, arson, and being an accessory after the fact to murder. On February 12, 1998, Stamper was sentenced to fifty years in the Department of Corrections and twelve months in the Grayson County Jail, with twenty years suspended.[2] Stamper did not directly appeal his convictions or sentence. However, in April of 2004, Stamper filed a petition for writ of habeas corpus in the Circuit Court. The petition was dismissed on August 4, 2004. Stamper appealed the dismissal of the petition to the Supreme Court of Virginia. On March 22, 2005, Stamper's petition for appeal was refused. Stamper executed the instant petition on March 21, 2006.

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

[2] The petitioner's sentence was to run concurrently with his federal sentence in Criminal Action No. 1:96-cr-0052.

# DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review. See § 2244(d)(1)(A).[3] In this case, Stamper was sentenced on February 12, 1998. Because Stamper did not appeal his convictions or sentence, they became final on March 16, 1998, the date on which his time to appeal expired. See Va. Sup. Ct. R. 5:9(a). Therefore, Stamper had until March 16, 1999 to file a habeas petition under § 2254. Because Stamper filed this petition more than seven years after the one-year period of limitation expired, Stamper's petition is untimely under § 2244(d)(1)(A).[4]

In attempt to avoid dismissal, Stamper argues that he is entitled to equitable tolling. To support this argument, Stamper provides a detailed account of "bizarre circumstances" that were allegedly "fostered and created" by a Circuit Court judge in Grayson County. Stamper alleges that the judge was personally involved with an organized crime group, which controlled the penal institutions in which Stamper was incarcerated from May 1, 1997 through May 1, 1998,

---

[3] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A).

Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's convictions became final.

[4] Although the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2), the one-year period of limitation had already expired by the time Stamper filed his state habeas petition.

including the Grayson County Jail, the Washington County Jail, the Roanoke City Jail, and the federal prison in Butner, North Carolina. Stamper alleges that the judge had a personal vendetta against him, because the judge believed that Stamper had stolen money from the judge's father, Stamper's former law partner. As a result, Stamper was "earmarked as a prisoner who would be eventually murdered."[5] Stamper alleges that from May 1, 1997, to May 1, 1998, he was involuntarily subjected to nerve gas and intentionally infected with Hepatitis C. During that time period, the judge's organized crime partners allegedly held guns to Stamper's head and murdered inmates in neighboring cells.[6] The organized crime group also hired inmates and outsiders to attempt to kill Stamper. Once, a bullet barely missed Stamper's left ear, and on another occasion, a bullet grazed Stamper's stomach.[7] Stamper further alleges that he was severely beaten and threatened with death.[8]

In addition to acts of physical torture, Stamper alleges that the members of the organized crime group stole his personal property and paraded it in front of him, inflicting emotional distress. For instance, one of the female jailers claimed Stamper's expensive leather jacket, while another woman claimed his personal fiddle and bow. Stamper alleges that the woman

---

[5]Stamper explains that his survival is attributable to a "quirk in the Federal Bureau of Prisons under which a federal registration number is issued and fingerprint records are placed in a central file with respect to pre-trial prisoners who undergo psychological evaluations." Stamper alleges that although the judge planned to murder him, the judge learned that the federal registration number and fingerprint system would preclude Stamper's murder.

[6]For instance, Stamper alleges that two inmates in neighboring cells at the Grayson County Jail were shot with zipper guns. Stamper further alleges that he personally observed his former girlfriend, who became involved with the organized crime group, murder an inmate named "Ducky."

[7]Stamper notes that the bullet did not draw blood.

[8]Specifically, Stamper alleges as follows: "He was threatened with death by fire, death by freezing, death by hanging (several prisoners were, in fact, killed by hanging), death occasioned by being thrown out of helicopter, death by poison, and any other types of death by atrocious means."

3

teased him by trying to play the fiddle where he could hear it. Finally, Stamper alleges that the judge and his organized crime partner manufactured a charge of forcible rape against Stamper, in case the need for blackmail arose. Specifically, Stamper claims that a plastic pump was used to extract semen from him while he was under the effects of nerve gas. The semen was then inserted into two women. Stamper alleges that a doctor in Abingdon preserved the evidence for future use.

Based on this series of events and others described in his petition, Stamper contends that it would be unconscionable to enforce the statute of limitations. Stamper argues that "[t]he court could choose the events from any hour of any one day during the period May 1, 1997 through May 1, 1998, and still be thoroughly convinced thereby that those events engendered sufficient physical harm and outright fear to preclude Stamper from invoking post-conviction remedies."

However, having thoroughly reviewed Stamper's petition, the court concludes that he is not entitled to equitable tolling. Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Even assuming that Stamper endured the incredible series of events outlined in his petition, Stamper fails to explain why he was unable to file his § 2254 petition on time. Stamper emphasizes on multiple occasions that the abusive conduct occurred between May 1, 1997 and May 1, 1998. Yet, Stamper did not initiate state habeas proceedings until April of 2004. Likewise, Stamper fails to explain why he did not execute the instant petition until 364 days after his state petition was denied. Based on Stamper's inaction, the court cannot conclude that this is one of those rare instances in which equitable tolling is appropriate.

For the reasons stated, Stamper's petition must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 31st day of March, 2006.

_/s/ Judge_
United States District Judge